JULIEN T. DAVIES, AS RECEIVER OF THE ASSETS AND EFFECTS OF THE FIRM OF GRANT & WARD, APPELLANT, *v.* JAMES D. FISH, RESPONDENT, IMPLEADED WITH OTHERS.

*Examination of a party before trial — when not refused because it might tend to show the party to be guilty of a criminal offense — Code of Civil Procedure, sec. 870.*

This action was brought by the receiver of an insolvent firm of brokers against one of the partners, and against the general assignee of the said partner and the general assignee of the firm, to enforce an equitable lien upon the assets in the hands of the assignee of the defendant partner, for money wrongfully withdrawn from the firm by his assignor. The plaintiff procured an order for

the examination, before trial, of the defendant partner, upon an affidavit alleging that the partner withdrew money from the firm as profits, when he knew that no profits had been realized and that the firm was insolvent, and that he withdrew the said funds with the intent to hinder, delay and defraud the creditors thereof.

*Held,* that it was error to set aside the order, upon the ground that the examination would tend to establish the commission of some criminal offense by the witness.

That the wrongful withdrawal of the moneys from the firm did not constitute a criminal offense under the laws of this State.

That on his examination he would have the protection afforded to witnesses examined in open court, and could shield himself from injury under the rules applicable in such cases.

APPEAL from an order made at a Special Term, vacating an order requiring the defendant Fish to appear and be examined as a witness before the trial.

The action was brought by the receiver of the firm of Grant & Ward against James D. Fish, one of the partners thereof, and against his assignee for the benefit of creditors, and against Julien T. Davies as the assignee of the firm.

*William B. Hornblower,* for the appellant.

*S. G. Clarke,* for the respondent.

DANIELS, J.:

The order directing the appearance and examination of the defendant seems to have been vacated upon the understanding that his examination as a witness would tend to establish the commission of some criminal offense by him, and therefore he was privileged from answering. If the facts sustained this position, then under the authority of *Yamato Trading Company* v. *Brown* (27 Hun, 248); *Andrews* v. *Prince* (31 id., 233), and *Corbett* v. *De Comeau* (5 Abb. N. C., 169), the order requiring the appearance and directing the examination of the defendant was improperly made. But that does not seem to have been the object or intended as the effect of the defendant's examination. He was a partner in the firm of Grant & Ward, and it is claimed in support of the application for the order directing his examination as a witness that he drew from the firm large sums of money which he was not entitled to receive, and invested them in property which it is the object of the action to

reach as the representative of the moneys so misappropriated. The controlling statements in the affidavit upon the receipt and appropriation of the money are : That this is an action brought by the plaintiff as receiver as aforesaid, to enforce his claims as receiver, to an equitable lien upon the assets in the hands of John H. Morris assignee, for moneys fraudulently and wrongfully withdrawn by the said James D. Fish from the firm of Grant & Ward prior to the failure of said firm, and while the said firm was insolvent, and to reach the proceeds of said moneys so withdrawn, so far as the same can be traced into the hands of John H. Morris, assignee as aforesaid, and that the plaintiff, as receiver as aforesaid, be adjudged to have a lien upon the assets in the hands of the said Morris, as assignee as aforesaid, to the extent of the moneys thus fraudulently withdrawn by said Fish from the assets of said firm of Grant & Ward, and that the said Fish well knew there were no profits realized by the said firm, and well knew that the credits made to him for alleged profits were fictitious, and well knew that he was not entitled to draw from the assets of Grant & Ward any sum whatsoever for alleged profits, and that said firm was insolvent and continually becoming more and more insolvent ; and this deponent avers, on information and belief, that said Fish withdrew said funds with the intent to hinder, delay and defraud the creditors of the firm of Grant & Ward, and that this deponent is entitled to recover the same back for the benefit of the creditors of said firm. A large portion of the moneys thus withdrawn by him from the firm of Grant & Ward was invested in said property, but what particular pieces of property were purchased with the funds of Grant & Ward or what particular sums of money were invested in particular pieces of property this deponent cannot ascertain from the books or papers in his possession, and it is necessary to examine the defendant in order to prove the details of these transactions.

If he did withdraw from the firm the moneys here charged to have been fraudulently received by him, that act did not create a criminal offense under the laws of the State. The facts charged would not embody a crime as the statute has been enacted. (3 R. S. [6th ed.], 969, § 3.) It may very well have been a fraud upon the other members of the firm and the parties interested in the disposition of its property, for the defendant to withdraw money which,

as a partner, he was not entitled to receive. But it was a private, and not a public, violation of duty on his part, rendering him in no manner amenable to the criminal laws of the State. He would not, therefore, be privileged from answering as a witness any questions which might be put to him for the purpose of ascertaining whether he did, in fact, draw moneys from the firm which he was not entitled to receive, and appropriated such moneys to the purchase of, or invested them in, property which it is the object of the action to proceed against and apply to the extinguishment of the liabilities of the firm. Those liabilities are legally payable out of the firm property before any of its assets could be taken by or appropriated to the use of either member of the firm. And it is to restore them and subject them to the satisfaction of the obligations of the firm, that the action has been brought, and not to present a case against the defendant upon which in any possible view he might hereafter be criminally prosecuted. He would be bound to answer, as a witness, all pertinent inquiries made of him upon this subject. And where, as it appears to be necessary, the examination should be now had to enable the plaintiff to prepare his complaint, it may be taken under the authority of the Code, as that has already been construed by the courts for this purpose.

The order should be reversed, with ten dollars costs besides disbursements, and an order entered denying the motion made to vacate the order for the defendant's examination.

BRADY, J., concurred.

DAVIS, P. J.:

I concur that the order should be reversed and the motion denied. There is no sound reason why the defendant should not be called and examined as a witness, even as to matters upon which criminal charges may be predicated. He has all the usual protection of witnesses in open court upon the trials of actions, and can shield himself under the rule applicable in such trials. This is an adequate protection, and all which any witness or party is entitled to claim on any examination allowed by law.

Order reversed, with ten dollars costs and disbursements, and motion denied.